**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS**

**TYREE R. WEBB and
WAYNE CROCKARELL,**

**Plaintiff,**

**v.**

**TECO BARGE LINE, INC.,**

**Defendant.**                                                    **No. 07-514-DRH**

<u>**MEMORANDUM AND ORDER**</u>

**HERNDON, Chief Judge:**

### I.  <u>Introduction</u>

On July 16, 2007 Plaintiffs filed a Complaint alleging Jones Act negligence and unseaworthiness under general maritime laws.  On March 11, 2009, Plaintiffs filed an Amended Complaint (Doc. 26).  Plaintiffs allege that they received injuries as a result of being required by Defendant to stay on its vessels during the onslaught of Hurricane Katrina.  Specifically, Plaintiffs allege that Defendant ordered Plaintiffs to board and remain on the M/V Anita M before being hit by Hurricane Katrina (*Id*. at ¶¶ 4-5).  Plaintiffs contend that the M/V Anita M was not designed to protect the crew from the hurricane (*Id*. at ¶ 4).  Over the course of three days, the vessal was battered by the force of Hurricane Katrina, which caused Plaintiffs to suffer injuries from the force of the storm (*Id*. at ¶ 5).  Plaintiffs also allege that they were sleep-deprived and feared for their lives (*Id*.).  Plaintiffs Amended Complaint alleges negligence under the Jones Act and unseaworthiness under General Maritime

Laws.   Plaintiffs Amended Complaint also alleged a violation of OSHA which Plaintiffs alleged constituted negligence *per se* (*Id*. at ¶ 6).

Subsequent to Plaintiffs filing an Amended Complaint, Defendant filed a Motion to Dismiss or, in the Alternative, Strike Plaintiffs' Amended Complaint in Admirality (Doc. 27).  Specifically Defendant argues that an OSHA violation can not constitute negligence *per se* under the Jones Act.  Plaintiffs have filed a response (Doc. 35).  Based on the following, the Court **DENIES** Motion to Dismiss or, in the Alternative, Strike Plaintiffs' Amended Complaint in Admiralty (Doc. 27).

## II.   Discussion

### A.   Legal Standard

When ruling on a motion to dismiss for failure to state a claim under FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6), the Court must look to the complaint to determine whether it satisfies the threshold pleading requirements under FEDERAL RULE OF CIVIL PROCEDURE 8.  Rule 8 states that a complaint need only contain a "short and plain statement of the claim showing that the pleader is entitled to relief." FED.R.CIV.P. 8(a)(2). The Supreme Court held that Rule 8 requires a complaint to allege "enough facts to state a claim to relief that is plausible on its face" to survive a Rule 12(b)(6) motion. ***Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)**.  In other words, the Supreme Court explained it was "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' " by providing "more than labels and conclusions," because "a formulaic recitation of the elements of a cause of action

will not do . . . ." ***Id.* at 555-56 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986))**.  Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.' ***Ashcroft v. Iqbal*, --- U.S.---, --- 129 S. Ct. 1937, 1949 (2009) (quoting *Twombly*, 550 U.S. at 557)**.

Recently, in ***Iqbal***, the Supreme Court made clear that the federal pleading standard under **Rule 8** as discussed in its ***Twombly*** opinion applies "for all civil actions." ***Id.* at ---, 129 S. Ct. at 1953**.  *Iqbal* identified the "two working principles" underlying the decision in ***Twombly***: (1) "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions.  Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice;" and (2) "only a complaint that states a plausible claim for relief survives a motion to dismiss." ***Id.* at ---, 129 S. Ct. at 1949 (citing *Twombly*, 550 U.S. at 555-56)**.  In short, a court should only assume to be true a complaint's well-pleaded factual allegations, and not its mere legal conclusions, when determining whether such allegations plausibly give rise to relief. ***Id.* at ---, 129 S. Ct. at 1950**.

**B.    Analysis**

Defendant argues that an OSHA violation does not constitute negligence *per se.*  Specifically, Defendant argues that allowing a violation of OSHA to constitute negligence *per se* would run counter to the OSHA provision of **29 U.S.C. §653(b)(4)** which states that OSHA can not be construed to "enlarge or diminish or affect in any

other manner the common law or statutory rights, duties, or liabilities of employers and employees under any law with respect to injuries…" *See* **29 U.S.C. 653(b)(4).** Defendant maintains that allowing a violation to constitute negligence *per se* would enlarge liability as to employers.  Plaintiffs disagree, arguing that a violation under OSHA does constitute negligence *per se* under the Jones Act and that to determine the opposite would actually conflict with the terms of OSHA.  The Court agrees with the Plaintiffs.

Plaintiffs file their cause of action under the Jones Act which, by its terms, incorporates the terms of the Federal Employers' Liability Act (FELA).  Under FELA, violations of safety statutes like the Safety Appliance Act and the Boiler Inspection Act constituted negligence *per se*.  ***Kernan v. American Dredging Company*, 355 U.S. 426, 430-31, 78 S.Ct. 394, 397 (1958)**.  However, the Supreme Court has found that the negligence *per se* doctrine is extended to the Jones Act and applies to all safety statutes.  ***Id.* at 438-39, 78 S.Ct. at 401**.[1]  In ***Kernan***, the Supreme Court determined that Congress intended, with the enactment of both FELA and the Jones Act, "no static remedy, but one which would be developed and enlarged to meet changing conditions and changing concepts of industry's duty towards its workers."  ***Id.* at 432, 78 S.Ct. at 398**.  The Court

_____

[1]  In *Kernan*, the Supreme Court determined that a violation of a Coast Guard regulation constituted negligence *per se* under the Jones Act, thereby determining that the negligence *per se* doctrine under FELA extends to actions under the Jones Act through its incorporation of FELA.  The Supreme Court held that the basis of liability under FELA and thus under the Jones Act "is a violation of statutory duty without regard to whether the injury flowing from the violation was the injury the statute sought to guard against."  ***Kernan*, 355 U.S. at 438, 78 S.Ct. at 401**.

determined that negligence *per se* did not just result from the violation of the Safety Appliance Act and the Boiler Inspection Act, but from the violation of any safety statute.

Plaintiffs contend that under the principles established in *Kernan* that the violations of an OSHA regulation, a safety statute, therefore constitutes negligence *per se*.  OSHA applies to ships not inspected by the Coast Guard which would include the vessels  in this case.  **29 U.S.C. § 653(b)(1);** ***Chao v. Mallard Bay Drilling, Inc.*, 534 U.S. 235 (2002)**.  As OSHA is clearly a safety statute, ***see Chao*, 534 U.S. 245 n.9 (OSHA's "fundamental purpose" is "to assure so far as possible every working man and woman in the Nation safe and healthful working conditions.")**, under the holding in *Kernan* a violation of the statute would constitute negligence *per se* under the Jones Act.  ***See Pratico v. Portland Terminal Company*, 783 F.2d 255, 264 (1st Cir. 1985) ("Under the *Kernan* view of FELA, new safety statutes such as OSHA should be given the same treatment as well-established statutes")**.

As nothing in FELA or the Jones Act prevents a finding of negligence *per se* for an OSHA violation, the issue remains whether OSHA somehow prevents a negligence *per se* determination under the Jones Act.  Defendant argues that such a determination for violations of its terms would be inconsistent with the terms of OSHA.  ***See* 29 U.S.C. § 653(b)(4)**.  Defendant maintains that an OSHA violation can not constitute negligence *per se* because to do so would "enlarge or diminish or affect

in any other manner the common law or statutory rights, duties, or liabilities of employers and employees." **See *Id*. ("Nothing in this chapter shall be construed to supersede or in any manner affect any workmen's compensation law or to enlarge or diminish or affect in any other manner the common law or statutory rights, duties, or liabilities of employers and employers under any law with respect to injuries, diseases, or death of employees...).** Defendant sites to several cases, most of them from district courts throughout the country, to support its proposition.[2]

The Court notes that the Seventh Circuit has not ruled on whether the doctrine of negligence *per se* can be applied to an OSHA regulation under the Jones Act, or whether **§ 653(b)(4)** prevents such a finding. The Court finds that applying the doctrine of negligence *per se* to OSHA does not violate the terms of **§ 653(b)(4)**. The Court is persuaded by the rationale applied by the First Circuit Court of Appeals in ***Pratico v. Portland Terminal Company*, 783 F.2d 255 (1st Cir. 1985).** Allowing a violation of OSHA to constitute negligence *per se* does not expand the liabilities of employers, but rather serves as a "[guide] for the determination of standards of care." ***Id*. at 265.** As the Court in *Pratico* pointed out, the doctrine does not turn "reasonable, nontortious behavior into unreasonable behavior...[but] [r]ather it simply allows the presence of a statutory regulation to serve as irrefutable

---

[2] The Court notes, as do Plaintiffs in their responsive brief, that many of Defendant's citations are inaccurate or not Jones Act cases. Defendant cites to a decision which it characterizes a "Fourth Circuit" opinion when in fact it is a district court decision.

evidence that particular conduct is unreasonable." *Id.* Further, what **§ 653(b)(4)** is concerned with, as evidenced by its legislative history, is the creation of a private right of action, particularly one that would interfere with current workmen's compensation legislation. ***See Pratico*, 783 F.2d at 266 (citing Occupational Safety and Health Act of 1969: Hearings on H.R. 843, H.R. 3809, H.R. 4294 and H.R. 13373 before the Select Subcomm. On Education and Labor, 91st Cong., 1st Sess., Part 2 at 1592-93 (letter of L.H. Silberman) (the letter tried to calm concerns that OSHA would create a private right of action which would bypass remedies under workmen's compensation legislation)).** However, allowing an OSHA violation to constitute negligence *per se* does not create a new cause of action as the Jones Act remains the bases of liability. ***Kernan,* 355 U.S. at 438.** Nor does it affect workmen's compensation legislation. ***Id.* at 431-32.**

Plaintiffs further point out, and this Court agrees, that refusing to apply the negligence *per se* doctrine to violations of OSHA would actually "affect" the rights of employees under the Jones Act. If a violation of OSHA does not constitute negligence *per se* under the Jones Act then it would affect the rights of employees by treating a violation under OSHA differently than any other violation of a statute under the Jones Act. Other safety acts constitute negligence *per se* under the Jones Act. ***See Kernan*, 355 U.S. 432 (allowing a breach of a Coast Guard regulation to constitute negligence *per se* as it was a "breach of some statutory duty.");** *MacDonald v. Kahikolu Ltd.*, **442 F.3d 1199, 1202-03 (violation of Coast Guard**

regulation is negligence *per se* under Jones Act).   More importantly, the negligence *per se* doctrine applies to violations of Coast Guard regulations on regulated vessels under the Jones Act.  *Id*.  As uninspected vessels such as the ones at issue in this case do not fall under the purview of Coast Guard regulations, unless OSHA is allowed to fill the regulatory gap, employees rights will be diminished.  *See Chao v. Mallard Bay Drilling, Inc.*, 534 U.S. 235, 245 n.9 (2002) ("Such large gaps in the regulation of occupational health and safety would be plainly inconsistent with the purpose of the [OSHA]").  Accordingly, treating violations of OSHA differently would diminish the rights of employees on uninspected vessels.

Therefore, the Court finds that applying the negligence *per se* doctrine to violations of OSHA does not undermine **§ 653(b)(4)** as violations of the regulations would only provide the standard of care.  Accordingly, a violation of OSHA does constitute negligence *per se* under the Jones Act.  Defendant's motion to dismiss (Doc. 27) is **DENIED**.

### III.  Conclusion

Accordingly, the Court **DENIES** Defendant's Motion to Dismiss, or in the Alternative Strike the Amended Complaint  (Doc. 27).

**IT IS SO ORDERED.**

Signed this 11th day of February, 2010.

/s/  *David R. Herndon*

**Chief Judge**
**United States District Court**