IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**TYREE R. WEBB and**
**WAYNE CROCKARELL**

**Plaintiffs,**

**v.**

**TECO BARGE LINE, INC.,**

**Defendant.**                      **No. 07-514-DRH**

### ORDER

**HERNDON, Chief Judge:**

Before the Court is Plaintiffs' Motion for Leave to File Second Amended Complaint (Doc. 56) and Plaintiffs' Motion to Allow Additional Discovery Related to Issues Created by the Death of Plaintiff Jerry Wayne Crockarell (Doc. 57). Specifically, Plaintiffs seek leave to amend their Complaint in order to add Nelda Crockerell as the personal representative of Wayne Crockarell as Plaintiff Crockarell has recently passed away. Plaintiffs also seek to add a survival action and wrongful death claim. Defendant objects to Plaintiffs' motion (Doc. 59), arguing that it would be unfairly prejudiced by additional claims as the new claims would result in additional discovery which would not be completed by the January 24, 2011 trial date. Defendant also seeks to sever the claims of Plaintiff Webb and the new claims to avoid the alleged prejudice.

A party may amend a complaint under **FEDERAL RULE OF CIVIL PROCEDURE 15**. **FED.R.CIV.P. 15(a)** provides that once a responsive pleading has

been filed, "a party may amend the party's pleading only by leave of court or by written consent of the adverse party. **Rule 15(a)** allows for liberal approach, as the Court should "freely give leave when justice so requires. **FED.R.CIV.P. 15(a)**. The issue of whether to grant a party leave to amend a complaint is within the sole discretion of the district court. ***Orix Credit Alliance v. Taylor Mach. Works*, 125 F.3d 468, 480 (7th Cir. 1997)**. Amendments should be allowed as long as there is no undue delay, bad faith, dilatory motive on the part of the movant, failure to cure deficiencies after multiple amendments, undue prejudice to the defendant, or futility of the amendment. ***Id.; Bethany Pharmaceutical Co. v. QVC, Inc.*, 241 F.3d 854, 860-61 (7th Cir. 2001).**

In this case, Defendant argues that it will suffer undue prejudice by allowing Plaintiffs to amend their Complaint at this late date and so close to the scheduled trial date as the amendment will require additional discovery which would not be completed by the current trial date. Defendant does not deny that an amendment to the Complaint is necessary but only argues that discovery has been completed already and additional discovery would push back the current trial date. Instead, Defendant asks that the claims be severed so that Plaintiff Webb's claims can go to trial in January.

However, the Court finds that justice requires an amendment to the

Complaint as Plaintiff Crockarell has died and the Plaintiffs are seeking to replace his spouse as his personal representative. Further, it does not appear that there was any undue delay or bad faith in the course of seeking this amendment as the amendment only came about due to the death of Plaintiff Crockarell and he only recently died. Plaintiffs could not have sought to amend their Complaint any earlier as the wrongful death claims did not arise until Plaintiff's passed away on September 16, 2010. Thus, the Court **GRANTS** Plaintiff's motion to amend (Doc. 56). Further, even Defendant acknowledges that additional discovery regarding Plaintiff Nelda Crockarell's new claims are necessary as the claim brings up new medical issues that Defendant acknowledges are complex. The Court will allow the additional discovery; to refuse Plaintiff Nelda Crockarell leave to pursue discovery on her claims would in essence deny her one of the major theories of her case. Thus, the Court also **GRANTS** Plaintiff's motion to allow additional discovery (Doc. 57).

In response to Plaintiffs' motions, Defendant has filed a motion to sever, asking that this Court sever Plaintiff Webb's claims from Plaintiff Crockarell's claims. However, the Court finds that such a request would result in a waste of judicial resources. While Defendant argues that severing the claims would promote the resolution of Plaintiff Webb's claims and ultimately Crockarell's claims as well, the Court finds that severing the claims would result in duplicative proceedings that would cause a delay in the proceedings. As Plaintiffs point out, Defendant could

appeal any Judgment in Plaintiff Webb's case which might lead to a stay in Plaintiff Crockarell's case. Further, Plaintiff Crockarell's claims are based on the same facts as Plaintiff Webb's claims and thus severing the trials would result in duplicative litigation. Accordingly, the Court **DENIES** Defendant's motion to sever (Doc. 60). To allow for the additional discovery, the Court will instead **RESET** the trial in this matter for **May 31, 2011 at 9:00 a.m.** in order to allow both parties to pursue discovery on the new claims. The Court finds that this short delay for additional discovery will not unduly prejudice the Defendant.

**IT IS SO ORDERED.**

Signed this 8th day of November, 2010.

David R. Herndon
2010.11.08 16:25:23
-06'00'

**Chief Judge
United States District Court**